IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONYA KURTZ, et al., | : | CIVIL ACTION NO. **3:CV-15-1228** |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| PHELAN HALLINAN LLP, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.  Procedural History.**

Plaintiffs filed this action pursuant to the Fair Debt Collection Act, 15 U.S.C. § 1692, on June 22, 2015.  Summons was issued on that same date.  On August 28, 2015, an Order was issued directing plaintiffs to file a report on the status of service of the complaint upon defendants within ten (10) days of the date thereof.  (Doc. 4).  Plaintiffs failed to file the status report as directed by our Doc. 4 Order.  Service of the summons and complaint were not effectuated upon defendants within one hundred twenty (120) days after the filing of the complaint as required by Fed.R.Civ.P. 4(m).

On October 27, 2015, an Order was issued directing plaintiffs to show cause on or before November 9, 2015, as to why service was not made within the requisite period.  The Order further stated that failure to do so would result in a recommendation that the action be dismissed without prejudice. (Doc. 5).  To date, plaintiffs have not responded to the Court's October 27,

2015, Order, nor have they provided the Court with evidence of service of the complaint upon defendants.

## II. Discussion.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure the court shall extend the time for service for an appropriate period."

Plaintiffs have not effected service of the complaint upon defendants within the time period set forth in Rule 4(m), nor have they shown good cause for their failure to serve the complaint upon defendants as directed by our Order of October 27, 2015.  The action is, therefore, subject to dismissal.

## III.  Recommendation.

It is respectfully recommended that the action be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: November 16, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TONYA KURTZ, et al.,                    :        CIVIL ACTION NO. **3:CV-15-1228**
                                        :
         Plaintiffs                     :
                                        :        (Judge Caputo)
              v.                        :
                                        :        (Magistrate Judge Saporito)
PHELAN HALLINAN LLP, et al.,            :
                                        :
         Defendants                     :

<u>**NOTICE**</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 16, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**<u>s/ Joseph F. Saporito, Jr.</u>**
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated:   November 16, 2015**